**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAUREN LANDOLPH** | **CIVIL ACTION** |
| **v.** | **NO. 17-1791** |
| **VETERINARIAN RECOMMENDED SOLUTIONS, LLC** | |

## MEMORANDUM AND ORDER

Plaintiff alleges very detailed facts of gender discrimination.  Plaintiff pleads evidentiary matters more than just factual allegations sufficient under the Federal Rules of Civil Procedure. Nonetheless, the Court has reviewed the pending Motion to Dismiss filed by the Defendants. The original Complaint in this civil action charged a single count under Title VII (ECF 1). Before a response to the Complaint was filed by Defendant, Plaintiff filed an Amended Complaint (ECF 8), which once again asserted a count under Title VII, but added three separate counts against different Defendants, under the Pennsylvania Human Relations Act (PHRA).

The basis of the Motion to Dismiss is that because Plaintiff had filed a previous case, Civil Action No. 16-2114, against Defendant alleging the same claim, but without a prior administrative petition, this case is barred and the Court does not have subject matter jurisdiction.  Plaintiff voluntarily dismissed this first civil action.

Defendants' Memorandum acknowledges that Plaintiff had a right to voluntarily dismiss her first claim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and recognizes the general rule that such a dismissal without prejudice leaves the parties where they would have stood had the lawsuit never been brought.

Plaintiff's counsel obviously made a mistake in filing the first civil action without first initiating an administrative action.  Although arguing from Pennsylvania jurisprudence about the

PHRA requiring an exhaustion of an administrative remedy before filing a lawsuit, and general propositions about subject matter jurisdiction, Defendant does not have any case support for its position in this case, supporting dismissal with prejudice under the present facts.

There is certainly no federal precedent that a Plaintiff withdrawing a Title VII case, without prejudice, when the Plaintiff had failed to file a prior EEOC action, is forever forbidden from remedying the mistake by filing an EEOC petition and after administrative action or the passage of time takes place, Plaintiff can then pursue a Title VII case in this Court.

The Court will deny the Motion to Dismiss because the Court does not find that the erroneous filing of the first civil action, without having previously filed an administrative petition, divests this Court of subject matter jurisdiction or bars Plaintiff from subsequently filing an administrative petition, and then this action, as Plaintiff has now done.

It is also well accepted that claims under Title VII are parallel to claims under the state law, and when charging a jury, it is common for the trial judge to instruct the jury that claims under the PHRA are basically overlapping with federal claims and vice versa. Any damages that Plaintiff might be entitled to would be the same under both federal and state claims.

**AND NOW**, this <u>4th</u> day of October, the Court therefore rejects Defendants' arguments and will **DENY** the Motion to Dismiss the Amended Complaint.

**BY THE COURT:**

/s/ Michael M. Baylson

_____
**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 17\17-1791 Landolph v Veterinarian Recommended\17cv1791 memorandum.doc